**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS GALINDO FLORES,<br><br>　　　Petitioner,<br><br>　　v.<br><br>THEO WHITE, WARDEN,<br><br>　　　Respondent. | No. CV 25-5517-DOC(E)<br><br><br>ORDER OF DISMISSAL |

　　On June 11, 2025, Petitioner filed a "Petition for Writ of Habeas Corpus." The Petition challenges Petitioner's 1993 conviction and sentence in Los Angeles Superior Court (Petition at 2-3). Petitioner previously challenged the same conviction and sentence in a habeas petition filed in this Court in 1997. See Flores v. White, CV 97-3373-MKW(RNB) ("the prior habeas petition"); see also Flores v. White, 182 F.3d 925, 1999 WL 313642 (9th Cir. 1999); Flores v. Warden, CV 05-9030-R(RNB).

　　The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District

1   Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111
2   (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of
3   the court of appeals before 'a second or successive habeas application under § 2254' may be
4   commenced").  A petition need not be repetitive to be "second or successive," within the meaning of 28
5   U.S.C. section 2244(b).  See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied,
6   524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).
7   Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1]
8   Consequently, this Court cannot entertain the present Petition.  See Burton v. Stewart, 549 U.S. at 157;
9   see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to
10  obtain authorization from the Court of Appeals to file a second or successive petition, "the district court
11  lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

13          For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

15          LET JUDGMENT BE ENTERED ACCORDINGLY.

17          DATED: July 11, 2025.

                                                            /s/ David O. Carter
                                                        _____
                                                            DAVID O. CARTER
                                                        UNITED STATES MAGISTRATE JUDGE

21  PRESENTED this 25th day
22  of June, 2025, by:

23  _____  /S/_____
            CHARLES F. EICK
24  UNITED STATES MAGISTRATE JUDGE

---

[1]  The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov, does not reflect that anyone named Carlos Galindo Flores has received authorization to file a second or successive petition.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).